IN RE ESTATE OF AUGUST ANDERSON.

ANNA SAVERY, Appellee, v. WILLIAM J. LEWIS, Administrator, et al., Appellants.

**APPEAL AND ERROR:** Harmless Error—Remittitur Cures Error. In an action against an estate to recover a money judgment for one third of the value thereof (tried prior to the closing of the estate), any error in submitting to the jury the question of the net value of the estate is rendered harmless by the action of the plaintiff in stipulating to remit from the judgment a proportional amount of the ultimate costs of administration. (See Book of Anno., Vol. 1, Sec. 11548, Anno. 196 *et seq.*)

**TRIAL:** Instructions—Covering Requested Instructions. Instructions given in lieu of requested instructions and on the same subject-matter are all-sufficient when they fairly embody the law applicable to the case, even though such given instructions might very properly have been amplified.

**TRIAL:** Instructions—Submission of Issue—Sufficiency. The issue of the "net value" of an estate is properly submitted on evidence showing the gross value, all contested and pending claims and the facts attending the same, and the amount of the debts.

**TRIAL:** Instructions—Conflicting Instructions. Instructions reviewed generally, and held to present no conflict.

Headnote 1:  4 C. J. p. 1022.  Headnote 2:  38 Cyc. p. 1711.  Headnote 3:  40 Cyc. p. 1073.  Headnote 4:  38 Cyc. p. 1604.

Headnote 2:  14 R. C. L. 804.

*Appeal from Harrison District Court.*—J. S. DEWELL, Judge.

MAY 3, 1927.

Action against the estate of a decedent, to recover under a contract alleged to have been made by the decedent with the father of the claimant, by which it is contended that, in consideration of the claimant's living with and working for the decedent, the latter would give or will to the claimant one third of his property. The cause was submitted to a jury, which returned a verdict for the claimant in the sum of $8,839.64.—*Affirmed.*

*Floyd Elston* and *C. W. Kellogg,* for appellants.

*Robertson & Havens,* for appellee.

FAVILLE, J.—Appellee is the daughter of one Henry Bolte. Appellee's mother died when she was about a year old. The wife of the decedent, August Anderson, was the sister of Henry Bolte. At that time, Anderson and his wife had no children. A daughter was born to them about eight years later. Mrs. Anderson is now deceased. The appellee contends that, at or about the time of the death of her mother, an oral contract was entered into between her father and the decedent, Anderson, by which it was agreed that the appellee should live with Anderson until she was 21 years of age, and work for him during said time, and that, in consideration thereof, Anderson would give to the appellee one third of his property when he died. She claims that she fully performed this agreement.

I. Appellants contend that their motion for a directed verdict should have been sustained, on the ground that there was no sufficient evidence in the record from which the jury could ascertain the net amount of decedent's estate and return a money judgment in favor of the appellee. Appellants' contention is that the value of the estate of the decedent was unascertainable at the time of the trial of this action, because of the fact that the costs of administration of the estate had not then been determined, and that the net value was, therefore, undeterminable. It is doubtful if appellants have not waived this question, under stipulations made of record during the trial; but, in any event, it appears from the record that the appellee made an offer of record to remit from the verdict in said cause one third of all of the costs of the administration of said estate, as finally determined at the time of the closing of said estate. No prejudice could result to the appellants, under this record. The amount of the costs of administration could not be accurately determined until the submission of the final report of the administrator, and until the time arrived for closing said estate. Appellee was not required to wait until this time, to establish her claim. In fact, she could not well do so. Her claim is now established by the verdict of the jury as a valid claim against

1. APPEAL AND ER-
ROR: harmless
error: remittitur
cures error.

the estate of said decedent. She is bound by her stipulation of record to submit to a deduction therefrom to the amount of one third of the costs of the administration of the estate, as they shall be ascertained at the time of filing the final report of the administrators. Upon this record, there was clearly no prejudicial error in submitting to the jury the question of the ascertainment of the value of one third of the decedent's estate at the time of his decease, even though the amount of the costs of administration of said estate was not then definitely fixed or ascertained. Appellants' rights are fully protected, under the record.

II. It is contended that the court erred in not giving certain instructions requested by the appellants with respect to the weight which should be given the testimony of declarations and admissions claimed to have been made by the decedent in respect to the contract in controversy. The court instructed the jury in regard to the consideration of declarations or admissions, as bearing on the question of whether or not a contract was made, as contended by the appellee. The court might well have amplified the instruction that was given in this regard, but we think it fairly embodied the law applicable to the case, and covered the matters included in the appellants' request. We find no prejudicial error at this point that would require any interference on our part.

2. TRIAL: instructions: covering requested instructions.

III. Appellants complain of the submission to the jury of the question of the manner of determining the net value of the estate of the decedent. There was evidence of the value of the property owned by the decedent, and there was also evidence of a claim made by one Lewis, a son-in-law of the decedent's, that he had an undivided interest in certain of said property. The court explicitly instructed the jury that, in determining the reasonable value of the real and personal property belonging to the said decedent, they were to determine whether or not the said Lewis had any interest in any of such property, and if so, what such interest was, and limit their finding solely to the interest that the decedent had in the property legally belonging to him, and find the value thereof; and the court also instructed the jury that, in determining such value, they should take into consideration and deduct therefrom all the lawful indebtedness of the

3. TRIAL: instructions: submission of issue: sufficiency.

decedent, as shown by the evidence. We think that the instructions as given fairly state the rules of law applicable to the determination of the question by the jury, and that there is no prejudicial error at this point.

IV. It is contended that there is a conflict between Instruction No. 17, wherein the court charged the jury respecting the manner of ascertaining the value of the decedent's estate, and

4. TRIAL: instructions: conflicting instructions.

Instruction No. 19, wherein the court told the jury, in effect, that they should not take into consideration the value of the property owned by the decedent, in determining whether the claimant was entitled to recover under the contract. A reading of the instructions clearly demonstrates that there was no error at this point. The jury were expressly told that the burden rested upon the appellee to establish the contract as claimed by her; and, if she had so established it, the jury were instructed as to the manner in which they should ascertain the value of the estate of the decedent. Instruction No. 19 was in the nature of a cautionary instruction to the jury, to the effect that the amount of the estate was not to be considered by them in determining whether or not the contract had been established; in other words, that the appellee, if entitled to recover at all, must recover under the alleged contract, regardless of the size of the decedent's estate. There was no conflict between the instructions, nor was there error in giving the same.

We find no reversible error in the matters complained of by the appellants. The judgment appealed from must be, and it is, —*Affirmed*.

EVANS, C. J., and STEVENS, VERMILION, and KINDIG, JJ., concur.